UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAU BURCH-LUCICH,<br><br>                   Plaintiff.<br>   v.<br><br><br>GARY L. LUCICH; MARCAE LUCICH;<br>MICHELLE LUCICH NIECE; LUCICH<br>FAMILY LIMITED PARTNERSHIP, an<br>Idaho limited partnership; and NORTHWEST<br>FUNDING, LLC, formerly known as<br>LUCICH LLC, an Idaho limited liability<br>company,<br><br><br>                  Defendants. | Case No.  1:13-CV-218-BLW<br><br>**CASE MANAGEMENT ORDER** |

In accordance with the agreements reached in the Telephone Scheduling

Conference on October 30, 2013, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED, that the following recitation of

deadlines and procedures shall govern this litigation:

1.   <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed on **<u>June 6,</u>**

**<u>2014</u>**. This deadline will **<u>not</u>** be extended even if you are having discovery

disputes.

CASE MANAGEMENT ORDER - 1

a.      This is the critical event for case management and will dictate

when the trial will be set.

b.      As provided below, a trial setting conference will be

scheduled immediately following resolution of all dispositive

motions.  To facilitate a prompt trial setting, I will make

every effort to schedule oral argument within 60 days and

issue a decision within 30 days after the oral argument.  If a

decision is not issued within this time frame, I invite inquiry

from counsel as to the status of the decision.

2.      <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings

and join parties, except for allegations of punitive damages, shall be filed on or

before **<u>January 6, 2014</u>**. This deadline shall only be extended for good cause

shown.[1]  All parties are entitled to know the claims and parties well-before trial

rather than be forced to pursue or defend against a moving target.  Although this

deadline precedes the general discovery deadline, the parties are directed to send

out all discovery requests that might relate to amendment or joinder enough in

advance of this amendment and joinder deadline to obtain the responses needed to

make an informed decision on amendment and joinder.

---

[1]  The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of  Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause."  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

3.      <u>Alternative Dispute Resolution Plan</u>:   The parties shall file an ADR plan
on or before **November 15, 2013.**   The parties may contact the Court's
ADR Coordinator Susie Headlee at (208) 334-9067 to discuss the Court's
ADR options.

4.      <u>Discovery Plan</u>: Initial disclosures shall be due October 25, 2013; no expert
disclosures until after February 28, 2014.

5.      <u>Completion of Discovery</u>:   All fact discovery will be completed by
**February 28, 2014.**   All expert discovery shall be completed by **May 9,**
**2014.**   These are deadlines for the <u>completion</u> of all discovery; they are not
deadlines for discovery <u>requests</u>.   Discovery requests must be made far
enough in advance of this deadline to allow completion of the discovery by
the deadline date.   The parties may, by stipulation, agree to defer some
trial-related discovery, such as discovery related to damages issue, until
after I have ruled on any dispositive issues.

7.      <u>Disclosure of Experts</u>:

    a.      The Plaintiff shall disclose the experts intended to be called at
         trial on or before **March 7, 2014**.

    b.      The Defendant shall disclose the experts intended to be called at trial on or
         before **April 4, 2014.**

    c.      All rebuttal experts shall be identified on or before **April 18, 2014.**

8.    <u>Rules Governing Disclosure of Expert Witnesses</u>:  Within the deadlines for
the disclosure of expert witnesses set out above, the parties shall also
provide – for each expert disclosed – the report described in Fed. R. Civ. P.
26(a)(2)(B), as modified by Local Rule 26.2(b).  Supplementation to the
expert witness report shall be done in accordance with Fed. R. Civ. P.
26(e)(1).  Pursuant to Local Rule 26.2(b), expert witnesses will not be
allowed to offer any opinion not disclosed in the mandatory Rule 26
disclosures, supplementation, or deposition.  This includes rebuttal experts.
No undisclosed expert rebuttal opinion testimony will be allowed at trial.

9.    <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel shall contact In-
Court Deputy Jamie Gearhart within one week following the entry of a decision on
all pending dispositive motion to make arrangements for a telephone scheduling
conference between counsel and me in which the trial and pretrial conference shall
be set.  If no dispositive motion is filed, Plaintiff's counsel shall immediately
contact Ms. Gearhart within one week of the dispositive motion filing deadline to
set a telephone scheduling conference.

10.   <u>Law Clerk</u>:  If counsel has a procedural or legal question that needs to be brought
to my attention, please contact Dave Metcalf the law clerk assigned to this case at
(208) 334-9025 or at dave_metcalf@id.uscourts.gov.

11.   <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

a.    I will **not** refer this case to a magistrate judge for resolution of

<small>**CASE MANAGEMENT ORDER - 4**</small>

discovery disputes and non-dispositive motions.  I will keep these motions on my own docket.

b.      The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

c.      In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute.  To facilitate that mediation, the attorneys will first contact Dave Metcalf, the law clerk assigned to this case, and shall provide him with a brief written summary of the dispute and the parties' respective positions.  Mr. Metcalf may be able to offer suggestions that will resolve the dispute without the need of my involvement.  If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible.  I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference.  I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

d.      Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

12.     Calendaring Clerk:  With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021.

13.   <u>Docketing Clerk</u>:  If you have a docketing question, please contact a docket clerk

at (208) 334-1361.

DATED: October 30, 2013

B. Lynn Winmill
Chief Judge
United States District Court