UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAU BURCH-LUCICH,<br><br>                    Plaintiff.<br>     v.<br><br>GARY L. LUCICH; MARCAE LUCICH; MICHELLE LUCICH NIECE; LUCICH FAMILY LIMITED PARTNERSHIP, an Idaho limited partnership; and NORTHWEST FUNDING, LLC, formerly known as LUCICH LLC, an Idaho limited liability company,<br><br>                    Defendants. | Case No.  1:13-CV-218-BLW<br><br>**CASE MANAGEMENT ORDER** |

      In accordance with the agreements reached in the Telephone Scheduling Conference on February 8, 2014, and to further the efficient administration of this matter,

      NOW THEREFORE IT IS HEREBY ORDERED, that the following recitation of deadlines and procedures shall govern this litigation:

1.    <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed on **<u>July 30, 2014</u>**. This deadline will **<u>not</u>** be extended even if you are having discovery disputes.

    a.    This is the critical event for case management and will dictate when the trial will be set.

    b.    As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions.  To facilitate a prompt trial setting, I will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument.  If a decision is not issued within this time frame, I invite inquiry from counsel as to the status of the decision.

2.    <u>Completion of Discovery</u>:  All discovery will be completed by **<u>April 30, 2014.</u>**  This is a deadline for the <u>completion</u> of all discovery; it is not a deadline for discovery <u>requests</u>.  Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.  The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after I have ruled on any dispositive issues.

7.    <u>Disclosure of Experts</u>:

    a.    The parties shall disclose all advancing experts (that is, experts intended to be called at trial to establish issues on which the party bears the burden of proof) on or before **<u>May 7, 2014</u>**.

    b.    The parties shall disclose all responsive experts to be called at trial on or before **June 4, 2014.**

    c.    All rebuttal experts shall be identified on or before **June 18, 2014.**

8.    <u>Rules Governing Disclosure of Expert Witnesses</u>:  Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b).  Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1).  Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition.  This includes rebuttal experts.  No undisclosed expert rebuttal opinion testimony will be allowed at trial.

9.    <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel shall contact In-Court Deputy Jamie Gearhart within one week following the entry of a decision on all pending dispositive motion to make arrangements for a telephone scheduling conference between counsel and me in which the trial and pretrial conference shall be set.  If no dispositive motion is filed, Plaintiff's counsel shall immediately contact Ms. Gearhart within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

10. <u>Law Clerk</u>:  If counsel has a procedural or legal question that needs to be brought to my attention, please contact Dave Metcalf the law clerk assigned to this case at (208) 334-9025 or at dave_metcalf@id.uscourts.gov.

11. <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

   a. I will **not** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions.  I will keep these motions on my own docket.

   b. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

   c. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute.  To facilitate that mediation, the attorneys will first contact Dave Metcalf, the law clerk assigned to this case, and shall provide him with a brief written summary of the dispute and the parties' respective positions.  Mr. Metcalf may be able to offer suggestions that will resolve the dispute without the need of my involvement.  If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible.  I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference.  I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

**CASE MANAGEMENT ORDER - 4**

    d.      Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

12.    <u>Calendaring Clerk</u>:  With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021.

13.    <u>Docketing Clerk</u>:  If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED: February 7, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court