# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAU BURCH-LUCICH, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> GARY L. LUCICH; MARCAE LUCICH; ) <br> MICHELLE LUCICH NIECE; LUCICH ) <br> FAMILY LIMITED PARTNERSHIP, an Idaho ) <br> limited partnership; and NORTHWEST ) <br> FUNDING, LLC, formerly known as LUCICH ) <br> LLC, an Idaho limited liability company, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:13-cv-218-BLW <br><br> **JOINT AND STIPULATED** <br> **PROTECTIVE ORDER** |

Came on for consideration this Joint and Stipulated Protective Order (the "Protective Order"), which was presented to the Court by all parties in this case. The Court, after considering the Protective Order and the fact that it has been jointly filed and stipulated to by all parties as evidenced by the signatures of all counsel of record, has determined that there is good cause to enter this Projective Order, pursuant to The Federal Rules of Civil Procedure.

It is, therefore, ORDERED, ADJUDGED, and DECREED as follows:

1. This Protective Order is entered for the purpose of facilitating discovery of information, documents and deposition testimony so that the parties may obtain prompt protection limiting the extent to which information, documents or testimony that a party in good faith believes to contain non-public, sensitive, or confidential information may be used or disclosed to persons who are not parties in this cause (the "lawsuit"). The purpose of this Protective Order is to provide the parties with protection related to such documents and information until this Court may enter a ruling upon disputes regarding whether the Court should limit the permissible uses of particular documents or information.

**JOINT AND STIPULATED PROTECTIVE ORDER** - 1

2. "Discovery Material" refers to documents and things (whether or not embodied in any physical medium) exchanged during the lawsuit including, but not limited to, documents produced by the parties or nonparties (including electronic files and records), testimony taken at hearings, or other proceedings, deposition testimony, interrogatory answers, responses to requests for production, and responses to requests for admission.

A. **CONFIDENTIAL INFORMATION**

1. Discovery Material may be designated as "CONFIDENTIAL" where the party or non-party designating the Discovery Material as such (the "Designator") possesses a good faith belief that the Discovery Material constitutes or contains any of the following categories of information that is not publicly available: (a) a Designator's trade secrets, (b) other confidential financial or commercial information possessed by a Designator or an entity that a Designator owns, operates or acts on behalf of, and (c) a Designator's sensitive personal information.

2. Discovery Materials shall be designated as subject to this Protective Order either by (a) prominently labeling the physical materials with the text "CONFIDENTIAL" or (b) providing written notice to lead counsel for all parties in the lawsuit identifying the specific Discovery Materials designated as subject to this Protective Order (for example, by referencing the Bates numbers or pages of transcripts) and specifying in the notice that the designated Discovery Materials are CONFIDENTIAL.

B. **Restrictions Upon the Use of Certain Discovery Materials**

1. All CONFIDENTIAL Discovery Materials shall be used solely for the purposes of prosecuting, defending or resolving the claims and issues in: (a) this lawsuit and (b) any other lawsuit, mediation, or arbitration between two or more of the parties to this lawsuit. CONFIDENTIAL Discovery Materials shall not be used for any other purpose (this includes a

prohibition against using CONFIDENTIAL Discovery Materials for commercial purposes), and shall not be disclosed to any person or entity except in accordance with the terms of this Protective Order.

2. No party shall disclose CONFIDENTIAL Discovery Materials, or extracts or summaries therefrom, to any person except the following:

   a. Inside and outside legal counsel for any party and the employees of such attorneys;

   b. The parties;

   c. Officers, employees, business managers, accountants and/or professional managers of a party actively engaged in assisting that party's attorneys in the conduct of the lawsuit to the extent reasonably necessary to enable the attorneys for the party to render professional services in the lawsuit;

   d. Persons who are not employees, business managers and/or professional managers of any party who are expressly retained to assist such party's counsel ("retaining counsel") in preparing the lawsuit for trial or hearing including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to retaining counsel a statement in the form attached as Exhibit "A;"

   e. The court, court reporters, videographers, arbitrators, mediators, and other presiding officials present at the trial or any hearing in the lawsuit;

   f. Fact witnesses, after the witness has signed and delivered to counsel of record for one of the parties a statement in the form that is attached as Exhibit "A."

3. Testimony at a deposition and materials marked as exhibits at a deposition may be designated as CONFIDENTIAL (a) during the deposition on the record or (b) within thirty (30) calendar days after the receipt of the transcript of such testimony by the Designator. Unless a Party designates a deposition transcript or deposition exhibits to be treated otherwise, until the

expiration of thirty (30) calendar days after receipt of a transcript of deposition testimony by counsel for each party to the lawsuit, the transcript will be treated as CONFIDENTIAL.

**C.    Procedures for Challenging Designations and
       Disclosing Discovery Materials to Additional Persons**

    1. If anyone desires to disclose any Discovery Materials designated as CONFIDENTIAL to any person who is not authorized to receive the Discovery Materials in Section B above, they must proceed in the following manner:

        a. The names of all persons to whom the Discovery Material are to be disclosed and a description of the Discovery Material(s) to be disclosed to such person shall be provided in writing to lead counsel for the party or non-party who designated the Discovery Material as subject to this Protective Order at least twenty (20) days before the disclosure to afford said counsel an opportunity to object to the disclosure or file a motion for protective order with this court.

        b. If no objection or motion for protective order are filed within the 20-day period disclosure to the named persons may be made after the 20-day period expires.

        c. If an objection or motion are filed within the 20-day period, the Discovery Material shall not be disclosed until the court has ruled on the motion for protective order.

        d. Any person who becomes authorized to receive Discovery Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the court's ruling on a motion for protection) shall, before the receipt of any Discovery Material, execute and deliver to an attorney of record in the lawsuit a statement in the form attached hereto as Exhibit "A."

    2.    Notwithstanding paragraph C(l), if any party in this lawsuit believes that Discovery Material(s) have been inappropriately classified as CONFIDENTIAL, that party may so notify all other parties in the lawsuit in writing and provide a description of the Discovery Material(s) that the objecting party believes should be freed from the constraints of this Protective Order. The party who originally designated the Discovery Material as

CONFIDENTIAL must then file a motion for a protective order within twenty (20) days from receipt of such notice. If such a motion is timely filed, the protection afforded by the terms of this Protective Order shall continue until a decision on the motion has been made by the court. If no motion is made within the 20-day period, the protection afforded to the Discovery Material(s) described in the objecting party's notice shall terminate.

**D.    Additional Provisions**

    1.   This Protective Order shall not be deemed a waiver of:

        a.   Anyone's right to object to any document or discovery requests on any ground;

        b.   Anyone's right to seek an order compelling production with respect to any document or discovery request;

        c.   Anyone's right in any proceeding to object to the admission of any evidence on any ground; or

        d.   Anyone's right to use its own documents and confidential information in its sole and complete discretion.

    2.   The provisions of this Protective Order shall continue in effect with respect to all Discovery Material until expressly released by the party furnishing such Discovery Material, and such effectiveness shall survive the final determination of this lawsuit. Any party may move the court to amend any portion of this Protective Order, including amendment to permit trial witnesses access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for that testimony.

    3.   Each party will provide the other party with a list of exhibits and deposition designations in advance of trial pursuant and to the extent, if any, required by the Federal Rules of Civil Procedure or any order entered by the court. A party's previous designation of a

document as subject to this Protective Order shall not prevent the opposing party from later contesting that designation at trial.

4. Unless otherwise agreed by the party who originally produced Discovery Materials, within sixty (60) days of the final determination of all litigation between any of the Plaintiffs and any of the Defendants in this lawsuit, each party shall return all Discovery Materials and summaries or derivations thereof in its possession or control to the party who furnished it, or certify that all such Discovery Materials have been destroyed. For purposes of this Protective Order, the "final determination" of litigation shall be deemed to be the later of (i) full settlement of all claims, (ii) final judgment or the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of the litigation, or (iii) the expiration of all time limits under applicable state or federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of the litigation, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

5. Failure to designate Discovery Materials as subject to this Protective Order at the time the Discovery Materials are disclosed shall not be deemed to be a waiver of the ability to have this Protective Order apply to the Discovery Materials. Thus, all persons and entities subject to this Protective Order in possession of Discovery Materials designated as CONFIDENTIAL shall treat the Discovery materials in accordance with the restrictions of this Protective Order from and after the date they receive notice of the designation.

6. It is expressly ordered that this Protective Order will not, in any manner, be disclosed to the jury, if any, in the above-styled and numbered cause. It is further ordered that this Protective Order will not be used, in any manner or form, direct or indirect, as evidence or referred to at trial. Likewise, this Protective Order shall not be evidence that any Discovery

Materials designated as subject to this Protective Order actually consist of confidential, proprietary or trade secret information. It is further ordered that any "CONFIDENTIAL" legend on Discovery Materials required by this Protective Order shall be removed from any document before it is offered into evidence at any jury trial of this cause.

DATED: March 11, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

# EXHIBIT "A"

1. I am familiar with and agree to be bound by the terms of the attached Agreed Protective Order in the lawsuit styled and I recognize that all capitalized words in this document have the meaning assigned to them in the Agreed Protective Order.

2. I will only make those copies of or notes concerning Discovery Materials that are subject to the Agreed Protective Order as are permitted by the Agreed Protective Order. All such notes and copies shall be preserved in a separate file maintained as confidential and which is marked for return or destruction upon completion of this lawsuit.

3. I will not reveal the contents of any materials that are subject to the Agreed Protective Order to any unauthorized person.

4. I will not use materials subject to the Agreed Protective Order for any purpose other than assisting in providing information or opinions for use in prosecuting, defending or negotiating a resolution of the of claims and issues in this lawsuit.

5. At the end of this lawsuit, I shall return all materials to the lead counsel for the party that provided the materials to me, as set forth in the Protective Order.

DATED this___ day of _____ in the year of 201___.

By. _____

Printed Name: _____