UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAU BURCH-LUCICH,<br><br>Plaintiff.<br><br>v.<br><br>GARY L. LUCICH; MARCAE LUCICH; MICHELLE LUCICH NIECE; LUCICH FAMILY LIMITED PARTNERSHIP, an Idaho limited partnership; and NORTHWEST FUNDING, LLC, formerly known as LUCICH LLC, an Idaho limited liability company,<br><br>Defendants. | Case No.  1:13-CV-218-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for attorney fees and costs filed by plaintiffs.  In an earlier decision, the Court awarded fees and costs for the unreasonable conduct of defense counsel in discovery, and directed plaintiff's counsel to submit a petition detailing the fees and costs they incurred as a result.  *See Memorandum Decision (Dkt. No. 56).*  Counsel has complied, and defense counsel has responded, seeking reconsideration of the Court's ruling and objecting to the amount of fees and costs.  For the reasons explained below, the Court will award attorney fees in the sum of  $7,112.00.

## ANALYSIS

### Request for Reconsideration

In its earlier decision, the Court explained in detail the factual background supporting its decision to award fees and costs.  Defendants have not identified any

inaccuracies in the Court's recitation of facts, but argue that the Court erred in its interpretation of those facts.

For example, defendants argue that plaintiff's initial statutory demand letter "does not express a request for the financial and accounting records of Northwest Funding (NWF) . . . ." and that defense counsel did not understand the letter to be seeking NWF's records. *See Defense Brief (Dkt. No. 67)* at p. 4. Assuming that is a correct reading, the demand letter clearly seeks *Partnership* records showing commingling between the Partnership and its partners, including NWF, a general partner in the Partnership, holding a 1% interest. *See Demand Letter (Dkt. No. 41-3)* (demanding "records relating to acquisition or disposition of assets (from or to any source)" and "records of all payments of any nature to any partners of the Partnership"). Partnership records showing commingling would be clearly discoverable in this case where tracing assets is of crucial importance.

The defendants were aware from the beginning of commingling. Marcae Lucich testified that the accounting between the Luciches, NWF, and the Partnership was a "messy project." *See Marcae Luchick Deposition (Dkt. No. 41-22)* at 156. Analysis of the Partnership records eventually showed that the "Partnership funds and assets have been extensively and hopelessly commingled with [NWF's] account . . . ." *See Lyons Affidavit (Dkt. No. 45-2)* at ¶ 9. Yet, for over a year defendants unreasonably refused to turn over Partnership records showing the commingling. So even if defendants are correct in their interpretation of the demand letter, they have failed to explain why they delayed so long in producing clearly discoverable records.

**Memorandum Decision & Order – page 2**

But the Court's decision did not depend on this alone.  As the Court pointed out in its decision, the plaintiffs followed up their demand letter with a very specific discovery request for NWF's records.  Defendants argue that this discovery request was made in March of 2014, about two months after defendants had agreed to produce NWF's records in January of 2014.  From this, defendants argue that early on, they were cooperating.  But agreeing to produce discovery, and producing discovery, are two entirely different things.  The defendants continued to delay production of the clearly discoverable material, and the Court identified in its prior decision that this continued delay was unreasonable.

Defendants argue that during much of the delay, the parties were just working out the logistics of production.  But this explanation ignores the unreasonable conditions that defendants would place on their agreement to provide the information.  *See Memorandum Decision (Dkt. No. 56)* at pp. 19-20.  It ignores also defendants' practice of refusing to produce material they deemed irrelevant unless plaintiffs could make a showing of relevance.  For example, defendants refused to provide information on two bank accounts on the ground that they contained nothing of relevance.  Yet it was undisputed that these accounts belonged to and were used by the defendants, and it was apparent early in the case that the Luciches intermingled funds in the accounts, as discussed above.  In a case where tracing is so crucial, the bank accounts were so clearly discoverable that any objection was unreasonable.

The Court will not repeat the lengthy and detailed analysis contained in its earlier decision.  It is enough to repeat a summary of that analysis:  "The discovery of

**Memorandum Decision & Order – page 3**

accounting records in a tracing case is a simple process, typically involving quick

disclosure, no disputes, and minimal fees. In contrast, defense counsel in this case has

unreasonably fought disclosure of records that are clearly discoverable." *Id.* at p. 21.

The Court therefore refuses to reconsider its earlier ruling.

## Reasonableness of Fees

Plaintiffs request fees in the sum of $9,952 and costs in the sum of $6,091.50.  The

fees were incurred by two attorneys, a partner and associate, at the law firm of Stewart

Taylor & Morris PLLC.  The costs were incurred by the two firms involved in the

retrieval and analysis of the Quickbooks computer data.

Defendants do not object to counsels' hourly rates and the Court finds those rates

reasonable.  Defendants do object, however, to the attorney fees incurred from June 9,

2014, to July 30, 2014, totaling $3,080.  These fees were incurred in attempting to access

material downloaded from Marcae Lucich's Quickbooks accounts. The Custer Agency

did the download or retrieval, and Resolve Financial Group took the data from Custer for

analysis.  As the Court fully explained in its prior decision, much of the difficulty in

accessing the Quickbooks accounts was caused by the Lucichs' inability to recall their

passwords.  Moreover, it appears that Custer was not able to provide the data to Resolve

Financial Group "in a useable format."  *See Lyons Affidavit (Dkt. No. 45-2)* at ¶ 7.  In

other words, the costs incurred by Resolve Financial Group and the Custer Agency were

not caused by defense counsel's unreasonable conduct.  This is confirmed by the

affidavits of employees of Resolve Financial Group and the Custer Agency.  *See Lyons &*

*Custer Affidavits (Dkt. Nos. 45-2, 45-3).*

**Memorandum Decision & Order – page 4**

While it is true that during this period, defense counsel failed to diligently respond to messages, he was undergoing a family emergency at the time.  From the Court's review, it does appear that most, but not all, the time entries between June 9, 2014, and July 30, 2014, pertain to counsels' attempts to unravel the technical problems with the Quickbooks access.  The one exception is the entry for July 23, 2014, noting that counsel incurred $240 for responding to defense counsel's unreasonable conditions for granting access to the Quickbook data.  The Court explained why this was unreasonable in its prior decision and will not repeat that here.  In conclusion, the Court will agree with defendants that the award should be reduced by the fees sought from June 9, 2014 to July 30, 2014, with the exception of the $240 in fees discussed above.  Accordingly, the Court will award $7,112 in attorney fees ($9,952 – $2840 = $7,112).

### Reasonableness of Costs

Defendants also object to the costs incurred by Resolve Financial Group and the Custer Agency in the total sum of $6,091.50.  As explained above, they retrieved the Quickbooks data and analyzed it as part of a stipulation between the parties.  Their work would have been accomplished much earlier if defense counsel had acted reasonably, but their costs would have been incurred in any event.  Their work in retrieving and analyzing the Quickbooks data was necessary even if defense counsel was at all times reasonable.  While it is true that extra costs were incurred when the Luciches forgot their passwords, the Court cannot attribute that defense counsel's conduct. Accordingly, the Court will deny these costs.

**Memorandum Decision & Order – page 5**

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for attorney fees and costs (docket no. 66) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent plaintiffs seek $7,112.00 in attorney fees from defense counsel.  It is denied in all other respects.

DATED: June 16, 2015

B. Lynn Winmill
Chief Judge
United States District Court